SELMA ARNOLD, BY JACOB R. ARNOLD, HER NEXT FRIEND, AND JACOB R. ARNOLD, INDIVIDUALLY, PLAINTIFFS, v. CHARLOTTE OLLENDORF AND ROBERT WRIGHT, DEFENDANTS.

Decided November 21, 1931.

Before LAWRENCE, Circuit Court judge.

For the plaintiffs, *Isadore Rabinowitz*.

For the defendants, *Henry K. Golenbock*.

LAWRENCE. J. This was an automobile accident case tried before me and a jury at the Monmouth Circuit. It resulted in a verdict in favor of the infant plaintiff for $7,500. A rule to show cause was taken out in her behalf on the sole ground that the sum awarded was inadequate. Defendants also applied for and obtained a rule, alleging that the verdict was contrary to the weight of the evidence. Both rules were made returnable at the same time. Counsel for plaintiffs,

however, instead of arguing the former on its return, announced that it had been abandoned and thereupon moved that it be discharged. Counsel for defendants urged that this motion should not prevail, since it was evident, as indicated by obtaining the rules, that all the parties to the litigation desired a new trial and that that course should be pursued as was done in what appeared to a similar situation in *Miller* v. *Liva*, 8 *N. J. Mis. R.* 692, and in *Herbert* v. *Boice*, 9 *Id.* 522. There, however, the court found that the parties concurred in the conclusion that the verdicts were the result of prejudice on the part of the jury and were not based upon a fair preponderance of the evidence; here no such unanimity appears. Plaintiff's rule was not pressed for the obvious reason that there was no basis in fact for it. The sum awarded by the jury was not only adequate but generous,, considering the nature of the infant's injury as disclosed by the evidence. Counsel doubtless anticipated the futility of arguing it, consequently, especially as no attack on the amount of the verdict was made under defendants' rule, since the only point raised was that no negligence imputable to Mrs. Ollendorf had been disclosed by the evidence.

The collision which occasioned the suit involved an automobile owned by her and driven by the defendant Wright, who, it appeared, was employed as a chauffeur by Mr. Ollendorf, with one in which the infant plaintiff was riding as a passenger. It occurred on a street in Absury Park, in the early evening, and the sharp issue at the trial was whether he had any authority, express or implied, to drive the car there, and so make the owner, who was not in it at the time, legally responsible for its negligent operation.

With the finding of negligence on the part of Wright apparently no question is raised. It is urged, however, that no verdict should have gone against Mrs. Ollendorf. The state of the evidence in this regard was about as follows: On the day of the accident, she left New York, where she lived, to go to Atlantic City, in her car which was driven by Wright. Late in the afternoon, she stopped at Deal for the purpose of spending the night at the home of a friend. She directed Wright to take the automobile to a garage in Deal,

advising him that he would be expected to return to the house before eleven o'clock, where lodging would be provided for him. Instead of taking the car directly to the garage, he drove it to Asbury Park and while there met with the accident. Why he went to Asbury Park, a distance of two miles from Deal, did not appear in the evidence. He was not called as a witness or examined before trial. It was open to the jury to find, however, that when in New York, in driving Mrs. Ollendorf in the car, as he usually did, it was her custom to give him money for his meals and that while she was shopping or otherwise engaged he would retain the custody of it and go to some restaurant, returning at the time appointed by her. At the trial she stated that she did not remember whether she had given him money for his supper on the day of the accident, but since there was no direct evidence that he either knew, or was told, of any eating place in Deal, where he could or should go, and inasmuch as Asbury Park, in all reasonable probability, was the place where he would likely go for the meal, the jury could have found that this accounted for his presence there in the Ollendorf car at the time of the accident, if they believed the testimony of the witness VanWinkle as to a conversation with Mrs. Ollendorf, as they evidently did, and considered the natural inference to be drawn from the fact that Mr. Ollendorf joined with Wright, who was hurt in the accident, in filing a claim for compensation with the bureau of workmen's compensation of New York city, in which it was stated that Wright was his employe, named the wages paid him, described the place of the accident as Asbury Park and asserted that he was injured in his regular occupation.

A review of the evidence leads to the conclusion that Wright was within the scope of an implied authority of the owner to use the car as he did and that his negligent operation was imputable to her, within the rule laid down in *Ferris* v. *McArdle,* 92 *N. J. L.* 580. It cannot be said, in the circumstances, that the verdict was contrary to the weight of the evidence.

The rules to show cause will be discharged.